Gunter, J.
This action is to have plaintiff — appellant—■ declared the owner of one-half of certain shares of stock claimed by defendant, and to compel a transfer. Trial to the court, findings and decree for defendant. Therefrom this appeal.
The complaint alleges that, in 1894,' plaintiff agreed to advance defendant, as required, money for supplying him with the necessaries of life to enable defendant to devote his time to prospecting for and acquiring mining interests, this state, defendant agreeing to devote all necessary time thereto and to divide equally with plaintiff such interests as he might so acquire; that by virtue of this contract he paid to defendant, and at defendant’s request, about $1,000.00; that during the life of this contract, about October, 1898, defendant acquired an interest in a lease and option to purchase the Longfellow lode mining claim, which interest was subsequently conveyed by defendant to The Longfellow Gold Mining Company, a corporation; that for his interest, so conveyed, defendant received from said company a certain number of shares of its capital stock; that after the receipt of such shares, defendant agreed with plaintiff that he held the same equally for the benefit of plaintiff and himself; that defendant has refused to comply with request of plaintiff to make a division of such stock; that defendant is insolvent. *3 Plaintiff prays tliat he be declared the owner of one-half of said stock, and for a decree ordering a transfer.
The material allegations of the complaint are put in issue by the answer. The case will be considered on the facts as they appear from the evidence in behalf of plaintiff, and the undisputed evidence for defendant.
September, 1894, defendant was engaged in promoting an irrigation ditch enterprise located in the state of Texas, and on such date came to Denver in its interest. Plaintiff and defendant met. The result of several interviews was, defendant agreed that if plaintiff would advance him money, plaintiff should have an interest with him in every business venture, mining or otherwise, that he should enter on. No express promise was made by plaintiff. Pursuant to these conversations, plaintiff advanced defendant, between September, 1894, and August, 1896, about $1,000.00, all of which went directly or indirectly into the ditch enterprise. This venture proved a failure and was abandoned in August, 1896, nothing being realized from it. Between August, 1896, and November, 1898, defendant was engaged in a variety of business enterprises, including many mining ventures, such as the Golden Cross bond and lease, the Blue Chime bond and lease, the Dewey lode, the Blackbird lode, the- Golden Coin lode and others. To no one of which did plaintiff contribute anything, and in one of which defendant paid out about $2,000.00. Defendant expended during this time — August, 1896, to November, 1898 — about $4,000.00, on different mining claims located on West Creek, Cripple Cheek, and in Boulder county, no part of which outlay has been borne by plaintiff.
In November, 1898, Murphy, Brown and defendant secured a lease, and an option to purchase, on the *4 Longfellow lode mining claim. Before the papers were made defendant desired that plaintiff be made one of the lessees; his associates objected, and the lease and option ran to Murphy, Brown and defendant. At this time defendant remarked that as Murphy and Brown had refused to take plaintiff as one of the lessees, that he, defendant, would share with him his interest, but this was never done.
About May, 1899, The Longfellow Gold Mining-Company was organized, and the Longfellow lode mining claim conveyed to it. The claim was purchased under the above option for $4,000.00, $2,000.00 of this amount being paid by new parties admitted into the transaction, and $2,000.00 by Brown, Murphy and defendant, defendant paying one-sixth of the purchase price by giving his note and securing the same by his interest — one-sixth—in the capital stock of the new company. Subsequently this note was paid by defendant from the proceeds of the sale of some of his stock. After defendant received this stock he stated to plaintiff that he should have one-half of it. Defendant expended about $80.00, and some time and labor, in obtaining his interest in this last mentioned property. ■ This expenditure was in addition to that made in paying for the stock issued to him as above mentioned. Plaintiff contributed nothing to the acquisition by defendant of his interest in this stock.
Plaintiff does not contend that the alleged agreement of September, 1894, wherein defendant promised to give plaintiff an interest in whatever business enterprise defendant should ever become engaged is sufficiently definite to sustain this action to recover a specific interest in this particular stock, but plaintiff contends that the moneys advanced prior to August, 1896, constitute a sufficient consideration for the promise made to give plaintiff one-half of the *5 stock, such, promise having been made after the issuance of such stock. We think not. According to the evidence for plaintiff, the original agreement was, if plaintiff would advance money to defendant for his various business undertakings, mining and otherwise, he, plaintiff, should have one-half interest in such ventures. If plaintiff ever agreed to do this, he has never complied with the agreement; all he has ever advanced was sunk in the ditch enterprise, since the failure of which, August, 1896, he has advanced nothing to defendant; yet defendant, during such last named period, has become interested in many mining ventures and other business enterprises, and has expended a large sum of money in so doing. Plaintiff has not even brought himself within the terms of the indefinite agreement under which he was to become interested with defendant. If at the time— that is, after the issuance of this stock — defendant was under any obligation perforce the original agreement, such obligation was not discharged or modified in consideration of the new promise that plaintiff should have one-half of the stock. As to obligations, if any, which arose out of the original contract, they remained the same after the making of this promise as they were before its making. There was no evidence of any consideration for the making of this new promise. The new promise being without consideration, is not enforcible. We think the judgment below was right and should be affirmed.
Judgment affirmed. Affirmed.